(C.D. 3218)

FURNITURE IMPORT CORP. *v*. UNITED STATES

United States Customs Court, First Division

(Decided December 7, 1967)

*John D. Rode* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON and BECKWORTH, Judges

BECKWORTH, Judge: The merchandise involved in these cases, described on the invoices as wall cabinets, pedestals, and bookcases, was assessed with duty at 16½ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, supplemented by Presidential Proclamation No. 2888, 85 Treas. Dec. 138, T.D. 52476, as manufactures in chief value of wood, not specially provided for. It is claimed to be dutiable under said paragraph, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, at 10½ per centum ad valorem as furniture in chief value of wood, other than chairs.

Counsel for the respective parties have submitted these cases on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and checked PT (Examiner's Initials) by Examiner P. Tutone (Examiner's Name) on the invoices covered by the protests enumerated above, assessed with duty at the rate of 16⅔ per centum ad valorem under the provisions of Paragraph 412, Tariff Act of 1930 as modified by T.D. 52373, consists of furniture of wood, similar in all material respects to the furniture of wood the subject of *Furniture Import Corp. v. United States*, C.D. 2619, and therein held to be dutiable at the rate of 10½ per centum under the provisions of the same Paragraph and Act as modified by T.D. 54108, as other furniture.

IT IS FURTHER STIPULATED AND AGREED that the record in C.D. 2619 be received in evidence herein and that the protests be submitted on this stipulation, the protests being limited to the items marked with the letter "A" as aforesaid.

In view of this stipulation and on the authority of the decision cited therein, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the examiner on the invoices covered by the protests herein consists of furniture, in chief value of wood, other than chairs, and is properly dutiable at 10½ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as furniture, in chief value of wood.

The protests are sustained and judgment will be entered for the plaintiff.